BOWIE LUMBER CO., LTD.

VS No. 8206.

WALTER D. HINES, DIRECTOR GENERAL.

January 16th, 1922.

BOWIE LUMBER CO., LTD.

VS No. 8206.

WALTER D. HINES, DIRECTOR GENERAL

CHARLES F. CLAIBORNE, JUDGE.

This is a damage suit against a railroad for having carried a lot of cattle from a tick-free country to a tick-infected spot.

The plaintiffs alleged that in the year 1919 they shipped from Bowie, La., Lafourche Parish, consigned to B. F. Howell, live stock commission merchant, at New Orleans, two car-loads of cattle, on the Morgan's La. & T. RRd. & S. Co.; that said cattle were shipped to said Howell who had an immediate sale for said cattle; that the shipment was accompanied by a certificate of the dipping vat inspector that said cattle had been dipped; nevertheless said cattle were unloaded at Algiers and placed in infected pens, necessitating their being retained therein and being dipped and otherwise cared for, before they could be placed upon the market or sold for account of petitioner by said Howell; that by reason thereof

"petitioner has suffered damage in loss of weight of cattle, feeding charges, double dipping charges, and death of one cow, in the sum of $751.53 as follows:

First car:

| | |
|---|---:|
| Loss of weight 2810 lbs. at 9 ¢ | $ 252.90 |
| Excess - one days feed | 103.50 |
| Double dip | 8.25 |
| | $ 364.65 |
| By credit for excess of price they would have brought on first day | 52.67 |
| | $ 311.98 |
| Second car: | 439.55 |
| | $ 751.53 |

For answer the defendant admitted the shipment, but denied that the cattle had been shipped from a tick-free country or were accompanied by a proper certificate, or that the cattle were tick-free.

There was judgment for plaintiff and defendant has appealed.

The case turns upon the question whether the cattle shipped were tick-free, and whether the defendant knew or should have known that they were. The defendant admits that they were delivered into a tick-infected country.

Act 25 of 1917 p 34, provides for the eradication of cattle ticks and the manner of shipping cattle. The interpretation put upon that Act by the authorities charged with its enforcement will be accepted as correct unless clearly shown to be contrary to law.

Under date of March 28th, 1918, from the "Louisiana State Live Stock Sanitary Board at Baton Rouge,"the following letter of instruction was issued:

"Tick Eradication letter No. 4

To all railroads, steamboats, other common carriers, stock yeard officials, and all concerned:

Dear Sir:

"Under provisions of Act 25 of General Assembly of 1917 State-wide tick eradication becomes effective April 1st, 1918 and this regulation, governing the movement of cattle within the State, is for your instruction and guidance:

"After April 1st, 1918, cattle may be accepted, when offered for shipment, from the Parishes of East Carroll, Madison, and Tensas without certificates, Movement of cattle within the State from all other Parishes must be accompanied, before they can be permitted to move,

by

an official form permit blank properly signed by an inspector engaged in tick eradication throughout such parishes in the State showing that such cattle have been regularly dipped twice five to fourteen days apart under supervision of such inspector signing certificates. All cattle offered for shipment after proper certification of two regular dippings, must be loaded in clean and disinfected cars". x x x This regulation to become effective April 1st, 1918.

(Signed) "La. State Live Stock
Sanitary Board
E. Pegram Flower
Secretary or Executive officer"

Section 10 of the Act of 1917 specifically maintains in full force and effect Act 18 of 1916 p 48. We have examined said act and Act 274 of 1908, and we find nothing in the above letter of instructions contrary to them.

We find in the record the following certificate is — sued in connection with the two shipments in this case:

"Louisiana State Live Stock Sanitary Board".

Permit to move animals within the State of Louisiana in accordance with regulations to prevent spread of Splenetic or tick fever".

Permission is hereby granted to Bowie Lumber Co. P.O. Bowie, La., to move the following described animals.

33 Steers and 33 Cows for Beef - 66 heads total - from Bowie, La. to New Orleans - dipped at Bowie, vat, August 12th, 1919.

"Signed" Mersell Pome

Dipping Vat Inspector".

We consider this certificate a substantial compliance with the letter of instructions, and sufficient to inform the defendant that the cattle were tick-free. A witness for the plaintiff testifies that the date of dipping on the certificate represents the time of the last dipping. The cattle were deliv-

ered across the river, in the railroad pens, which were ticky or quarantine pens; they should have been delivered to B. F. Howell in the stock yards company, his place of·business, which are tick-free, - As a result of this delivery, the cattle had to undergo the process of dipping a second time, to put them in the same condition they were in when received by the defendant. The defendant is liable for all the' damages caused by this fault.

The first element of damage is a shrinkage of 4985 pounds on each animals, The evidence of the shrinkage, as a fact, is at best uncertain and unsatisfactory. But there is no evidence that it was the necessary natural cause of the delay or of the second dipping. It might have been caused by the difference in scales in Bowie and in New Orleans; or by the conditions of the animals in the pens, pending their sale. There is no evidence of how much the animals weighed when they arrived in New Orleans.

The next item is the daath of one cow estimated at 600 pounds. There is no evidence that it died of tick fever. There is evidence that "some of these cows showed terrible bruises"; which might have been caused by the unavoidable dangers of transportation.

The third item is the cost of feed from the day the cattle were received to the day they were sold:

| | |
|---|---|
| For the 33 Steers | $ 103.50 |
| " " 34 " | 133.00 |
| and double dipping of 67 animals @ 25¢ | 16.75 |
| Total | $ 253.25 |

We think the plaintiffs are entitled to them.

It is therefore ordered that the judgment herein be amended and reduced from Seven Hundred and Fifty-one 53/100 Dollars to Two Hundred and Fifty-three 25/100 Dollars, and as thus amended that it be affirmed, the costs of appeal to be

paid by the plaintiffs and the costs of the District Court to be paid by the defendants.

Judgment amended and reduced and affirmed.
January 16th, 1922.

BOWIE LUMBER CO., LTD., : NO. 8,206

versus : COURT OF APPEAL

WALKER D.HINES, DIRECTOR GEN'L. : PARISH OF ORLEANS

 :

## O N R E H E A R I N G.

The application of defendant herein for re-hearing having been granted, and the Court after argument on re-hearing, having found no reasons for departing from its former judgment:

It is ordered that the judgment of this Court herein rendered on the 16th day of January, 1922, be, and the same hereby is re-instated as the final judgment of the Court.

April 10, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED APR 10/22

8206